and I believe Mr. Abhyanker is up, representing himself. Yes, Your Honor. Please proceed. May it please the Court, Raj Abhyanker, the appellant, I'd like to reserve two minutes for rebuttal. Okay, keep your eye on the clock. This case presents one question, whether Section 32 forces me to litigate the structural constitutional challenge to the USPTO's disciplinary regime only after I've already been subject to it. Under Axon, the answer is no. My claims don't ask any court to review a disciplinary decision or decide my guilt. Excuse me. Could you begin by telling us why we have jurisdiction at this point? As I understand it, there was a single case that was filed. One of the parties was transferred to another district and that part of the case has not been resolved. Is that right? That's right, Your Honor, but the order was final as to me. If every claim... Did you file a Rule 54B motion? Rule 54B for reconsideration, did you say? No, not for reconsideration, for the permission to have to proceed as if the case was final, although it's not. Well, the court, no, we filed it as final as to me. But is that the standard? If we have two parties in a case and the case is resolved as to only one of them, then it's not final? Your Honor, well, there is case law which we can point to which says it's final as to me and therefore it is not, you know, with respect to my independent claims. What case law is that? Yes, I'll find it for you. While you're looking for that case, I'm interested to know if you were so concerned about the urgency in this case, why didn't you just file it in the Eastern District of Virginia to start with? Well, let me find it. The statute seems to contemplate that, does it not? No, the statute contemplates review in the Eastern District of the actual disciplinary proceeding, not the collateral challenge to the constitutional framework. Well, what does the statute say? The statute, 35 U.S.C. 102 or 32, says it channels the final USPTO disciplinary decisions to the Eastern District of Virginia. It's not – it doesn't say – it's only the final sanction available only after I endure the whole proceeding. That's not adequate. Well, you're interpreting the statute as opposed to reading it. Okay. Why don't you read the statute to me? Sure. It expressly refers to the Eastern District of Virginia, does it not? It refers to the Eastern District of Virginia to review a final order of discipline, not the structural constitutional challenge. The injury I face is here and now as to me personally, because I'm still subject to that. Why is that? You've already completed all of the administrative law judge proceedings and your complaint is about the administrative law judge. So, why is a here and now injury? So, I haven't completed the administrative. Yes, but as I've read your pleadings carefully, you're not complaining about the appeal process. You're complaining about the ALJ. Right. I'm complaining about the entire process of being subject to an unconstitutional proceeding, which is not just – With regard to – because the ALJ is appointed in a certain way and preserved in a certain way and so on, but that's all over. So, in terms of – in terms of Axon and the presence of a here and now injury from being subjected to what you are alleging is an unconstitutional proceeding, that's all water over the bridge. It's already happened. Well, Section 32 says that it's an appeal of the – I'll read the exact 35 U.S.C. 32. A director may, after notice and opportunity for hearing, suspend or exclude either generally or in a particular case from further practice before the patent and trademark office, any persons. It goes on to the appeal part. Let me go to the appeal part, where it says the United States District Court for the Eastern District of Virginia, under such conditions and upon such proceedings as by its rules determines, may review an action of the director. It doesn't say action of the ALJ. The director has not ruled. The director's – So, there's no final ruling? There's no final ruling, yes. So, how can you take it to court then? So, under Axon, I don't have to wait to take it to Axon because I have under the Thunder Basin factors all the factors met here. The – it is not the type of case that the USPTO can adjudicate itself because it deals with the structural – Let me ask a different question. You do agree that the Eastern District of Virginia has the authority to grant you all the relief you seek, do you not? It cannot, no. It can.  Why not? It's a district court. It's a district court. It has the same jurisdiction and powers as the District of Arizona. You may not want to be there, but I don't understand an argument that if you were there and you were making whatever arguments you are on the merits, the court couldn't buy them and grant you relief. Why is that the case?  So, let me first cite the question that Your Honor asked before the case. It's Williams v. Taylor Seidenbach confirms that when one party is dismissed in full, it is finalized to that party even if their others continue. And it is a practical matter. There's no ongoing litigation to fragment. The legal forces claimed were dismissed in the Eastern District of Virginia and they themselves are on appeal. Nothing is live in any district court. With respect to the argument that you – the issue of whether I can litigate this in the Eastern District of Virginia, the availability of a later forum was never part of the axon test the Supreme Court – No, no. So, let's assume for a moment that we have jurisdiction. I'm still focusing on why it is that the Eastern District of Virginia isn't the appropriate venue in this case and why you can't get complete relief in the Eastern District of Virginia. So, if the case is transferred in the alternative and we can litigate my claims in the Eastern District of Virginia now, that may be a fallback, but I shouldn't have to do that because I'm not challenging anything under Section 32. I've brought the case in Arizona and it is a choice of forum that I've made because I have contacts here and my operations are here. The Section 32 – axon plaintiffs also had an eventual forum. That was a court of appeals, but in axon, the Supreme Court held that was not enough. The test is whether a later forum can remedy the injury and here it can't. My injury is being – Why can't it? That's what I'm not understanding. Because I'm being forced to – Given the fact that the injury has already occurred. So, if you're – that is subjecting yourself to the proceedings before the ALJ, which is what you're complaining about. That is the appointment and the provenance of the ALJ. That's what your complaint is about. I don't remember seeing any allegations about the director himself. It was about the ALJ that you were complaining. It's already happened. So, the situation in axon just isn't occurring. Well, the ALJ only makes – It's already occurred. ALJ only makes an initial recommendation. They do not make a final order. There was no final order. I appealed this prior – I understand that there was no final order, but in terms of the procedure that you were complaining about, the procedure before the ALJ having occurred, it already occurred. It's an administrative law procedure. It's not simply the ALJ alone. My injury is to be forced to undergo an unconstitutional proceeding before the USPTO director as well, not just the ALJ. Is that in your complaint? Any complaint about the director? My complaint is about the entire agency adjudicating an unconstitutional proceeding and being subject to that every single day. The Eastern District of Virginia, after final agency action, can vacate a disciplinary order, but there is no disciplinary order against me. I haven't been suspended. Can I ask a different question? What is the status of the rest of this case? I understand that there was an attempt to withdraw, and there was a motion to withdraw for a voluntary dismissal. There was a condition placed in voluntary dismissal, and there was an appeal to the Fourth Circuit about that condition. And what? The Fourth Circuit hasn't decided that? They've held it in abeyance, Your Honor, and that's the other case. That's not this one. It is this one. No, my appeal here is unaffected. My claims were dismissed in Arizona. Legal force's dismissal doesn't touch my case. As to the broader posture, because Section 32 doesn't apply to legal force. It's not a respondent. But it was all one case. All right, anyhow, I need the answer to the question. What is the status of that part of the case? Or if you want to call it a different case, even though it was all one case, go ahead. But what is the status of it? That status is in abeyance, pending the appeal that's been brought here, that's now been taken under submission, which was for oral argument today. The issue is, you know, the here and now. I'm still not disciplined by anyone. I'm still practicing. They're trying to take away of my right to practice and suspend my right to practice. And I have not yet— Not in general. Not in general. Just with regards to the PTO, right? With respect to the PTO. And I have not yet been fully adjudicated on that matter. This is a collateral attack. This is not an issue of my— Anyone could have brought this case. In this particular manner, we have an ALJ who is compensated by the OED director. They're paid on a per-matter basis. It is not an issue of just me. It is a much broader issue about fairness of the process. And whether someone should have to endure years and years, the longer this goes on before— No, you know, it's a continuing injury every day. Counsel, we've given you some extra time. I think we have your argument and your briefs. Let's hear now from the government. Thank you, Your Honor. Good morning. May it please the Court, Daniel Aguilar for the Patent and Trademark Office. So starting with appellate jurisdiction, the order under appeal here is an order dismissing one party from the action. Then the subsequent order was transferring the remaining party. We understand the procedural posture. I guess we're having a hard time figuring out why, as a matter of practicality, the order here doesn't finally terminate the action. The one that was transferred, the plaintiff voluntarily dismissed. Now, he's challenging some aspect of the Court's dismissal order in the Fourth Circuit. But the only dispute that remained between this individual and your client was here, and the Court dismissed it. So the reason I was giving— So why shouldn't we pragmatically treat that as a final order? Because the reason I was giving the procedural history was the exact procedural history that this Court considered in Nascimento v. Dumer, where it held— Say that again. I didn't understand you. Oh. So the reason I was giving that procedural history, that one party was dismissed and the other party in the case was transferred, is that that is the procedural history in this Court's decision in Nascimento v. Dumer, which holds that the Court of Appeals did not have jurisdiction over those orders. Well, that case was a little different, don't you admit? No, I don't think so, Your Honor. So, Your Honor, I'm just employing this Court's precedent— Except that in the other case, in the Eastern District, the case was dismissed, voluntarily dismissed. So that part of the case—it's being litigated as to a condition on the dismissal, but there was at least an attempt at voluntary dismissal. So at a minimum, shouldn't we wait to see what the Fourth Circuit does? Because if the Fourth Circuit—if the ultimate result there is that the case is voluntarily dismissed, then there certainly has been an outing here. No. So, to make clear, a legal force asked for the Fourth Circuit appeal to be stayed pending this Court's resolution? Sure. But all that's at issue in the Fourth Circuit, as I understand it, is whether the dismissal, the voluntary dismissal by the plaintiff, should have been with the condition that any new suit must be refiled here. It's unclear what that appeal is going to be about. I know it's unclear, but it seems to me that's the only issue that's possible. You can't appeal your own voluntary dismissal. He's appealing the condition that the district court or the corporation is appealing the condition. And so I ask again, where else, other than here, is the dispute between this individual, not the law firm, this individual, and the USPTO pending? So it's not, because Mr. Abiancar chose not to appeal from the Eastern District of Virginia order. Okay. But since their dispute, the two separate entities, so let me ask this differently. Had they filed two lawsuits, one by legal force and the other one by this individual, and one had been transferred and the second one was dismissed, wouldn't that be a final order? Yeah. If they're two separate cases, then the one from the U.S. isn't that exactly what happened here? No, because this court's precedents explain why, right? When a case is transferred, that's not a final order. When only some parties are dismissed without, as Judge Burson noted- It's not a final order in the dispute between- That case was ongoing, but it's not ongoing is the problem. If I can just sort of explain now, because we have a lot of appellate technicalities here, and I'm trying to give a reason for why this case can be simply resolved. And I think, you know, when you have two parties to an action, and one is dismissed and the other is transferred, that is not a final order. The litigation continues. And Mr. Obyunker, in the Eastern District of Virginia, right, could have asked that district court to reconsider- But didn't the other cases deal with the transfer of a defendant, not a plaintiff? No. Usually that doesn't happen, right, because- Well, I'm not asking the case you cited- The case- Deals with the transfer of a defendant, not a plaintiff, right? The way that Rule 54B is written, right, is that if fewer than all of the rights and liabilities- Well, we all know what Rule 54B says. I'm just asking, if you could answer the question I asked, don't the cases you cite deal with the transfer of a defendant, not a plaintiff? Right. They do. And that's the reason I was citing to the rules text is because it doesn't differentiate between plaintiffs and defendants. So explain to me under your view, and by the way, I think you're arguing against interest because on the merits of the case, I think the order of dismissal, my view, is absolutely correct. So you're arguing you want to keep this litigation going. So tell me how it ends in your view. Sure. So how does this order of the district court become final? So the district court's order is final. It's not this district court of Arizona. It's a district court in EDVA. All right. So suppose that there is a voluntary dismissal. Eventually, the Fourth Circuit either washes out the condition. And so their voluntary dismissal goes forward or it doesn't wash out the condition. And the plaintiff in the Eastern District goes ahead with the dismissal anyway. Then what? What does this client, what does this person do? Mr. Objunker, I don't think at that point that Mr. Objunker has a right of appeal anymore for this reason. So your position, he has no right to appeal ever? Because his right to appeal was from the final judgment of the Eastern District of Virginia. The notice of appeal in that case So let me ask you, I understand your position. I want to explore it. If his right to appeal is from a final judgment in the Eastern District of Virginia and it hasn't yet ripened in your view. So then your view then has to be that the district court's order here is not appealable to us, but rather to the Fourth Circuit? Because it's transferred, right? It's not just the one party that's transferred. I understand your argument. Can you cite any case where a district court order in the Ninth Circuit is only appealable to the Fourth Circuit? So when, I don't have a case where it got transferred out of circuit, right? The non-stimulant case was transferred within the circuit. That a case that was only pending in this circuit got dismissed was then appealable not to the Ninth Circuit, but to the Fourth in which the case had never resided. Well, so it did reside, right? It did get transferred. But that isn't my concern. My concern is that what is in the Fourth Circuit may never have a final judgment because there may be a voluntary withdrawal. So you're saying it's not appealable anywhere? No, there is a final judgment in EDVA. We think that is appealable. It's either appealable as we explained in the legal force appeal to the Fourth Circuit or to the Federal Circuit because it's law involving patents, right? Is a voluntary dismissal appealable? So I guess the way we'll find that out. Well, I know, but what if the Fourth Circuit says, sorry, we have no jurisdiction over this appeal? Let me finish. We have no jurisdiction over this appeal because it was a voluntary dismissal. Then I think that gets to the heart of sort of the Axon discussion that we were having earlier, right? Is I think what Mr. Abiancar is saying is I can't file until there's a final decision. That's not our position. That's not how we've read the statute. We think you can file in the Eastern District of Virginia. The question there would be, do you need to exhaust administrative remedies? And that's a separate question. What the district court here held, I think it's page 50 or 53 of the excerpts of record, is that the Eastern District of Virginia has exclusive jurisdiction here. And that's consistent with how the statute has been understood. I must admit, you've thoroughly confused me as to your position. So let me ask a more pointed question.  Assume that the Fourth Circuit says we have no jurisdiction, not an appealable order. What happens with respect to the order here? Is it ever challengeable? No, because Mr. Abiancar's opportunity to challenge that was from the Eastern District of Virginia's final judgment. And the notice of appeal that was filed there — Now, I've asked you to assume —  — that the Fourth Circuit finds that the voluntary dismissal is not a final judgment. And the reason I was pointing to that notice of appeal was Mr. Abiancar could have filed a notice of appeal from that Eastern District of Virginia. The notice of appeal only listed legal force as the party appealing. Because that was the only party to the case in — Stop. I get to finish first before you interrupt. I get to interrupt you. It's unfair. I understand, Your Honor. Yes. The only party to the case in the Eastern District of Virginia when it was dismissed was legal force. Do we agree on that? No. Mr. Abiancar had been dismissed, but he could still ask the Eastern District of Virginia for reconsideration of that dismissal order. I don't understand that. When did Mr. — I keep saying the plaintiff, because I'm sure I'll mispronounce his name — Mr. Abiancar, when did he become a party to the lawsuit in the Eastern District of Virginia? When the case was filed, it's the entire case that gets transferred, right? The Court did not transfer the entire case. It's absolutely — the one thing I'm clear about is that Judge Ciuci's order only transferred legal force's case. He could have transferred both. He should have transferred both. But he didn't. He only transferred one. Had he transferred both, we wouldn't be here. But he only transferred one. And the reason he didn't was because he had no — he thought he had no jurisdiction over Mr. Abiancar, so he couldn't transfer his case. He dismissed for absence of jurisdiction. So I understand, Your Honor. I think we disagree on exactly that. But the last point that I'd like to make is that I think the Axon discussion here is just missing the point a little bit. Axon and those cases are about when Congress vests exclusive jurisdiction in the Court of Appeals and implicitly divests all jurisdiction from all district courts. Here, Congress granted the Eastern District of Virginia jurisdiction over these kind of claims, whether they're pre-enforcement or post-enforcement. And we can have a separate — But the statute with regard to the jurisdiction of the Eastern District or the exclusive jurisdiction of the Eastern District is about appeals from final orders of discipline. Is that right? Yes. That's usually how it's contemplated. How do we — so therefore, why is it the case that a case of this kind, which is not an appeal from a final order of discipline, belongs in the Eastern District of Virginia? Because I think the ultimate relief that Mr. Abiancar is seeking is dismissal of the enforcement proceeding, right? That's an excerpt of Record 144. It's asking for dismissal of the enforcement complaint. But he's not trying to appeal a final order. You're right. It's on a final order. So that's a question about whether he has to exhaust all of his administrative remedies. Let's assume that he doesn't and that he can bring a pre-enforcement challenge. As the district court here noted, it's really odd to say that anybody anywhere can sue in any district court to challenge PTO disciplinary proceedings when Congress has, for over 100 years here, had a statute that vests those — review of those proceedings exclusively in one district. But the statute in terms doesn't cover it. Do you agree with that? The language that I would point you to is when it's talking about what the Eastern District of Virginia can review, it talks about action of the director. So if what he's challenging is the action of the director initiating the enforcement proceeding — But it's not because the director hasn't acted. The director has, by delegation, vested the agency with the authority to conduct these proceedings, right? By statute, it's vested in the director, relegated to — Do you still agree with the proposition that acts on — there's no here and now injury here anyway as to what he's complaining about because it's already happened? As to the ALJ removal restrictions, I think that's true. I would note, Your Honor, that he — And that is all he's complaining about in terms of the complaint. He doesn't say anything about the director. He is raising claims that fell — that were considered and acts on as well, a due process combination of function claims and claims that weren't considered and acts on a 7th Amendment and an Article III claim. And that's why I think if you're going to raise all those, you raise those in the Eastern District of Virginia. Can we let you all go over time? Yes. This is an interesting civil procedure verbal salad. We'll leave that to first-year law students and this case is submitted. Thank you, Your Honor. Thanks to you both.
judges: BERZON, SMITH, HURWITZ